UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

ANN GARZILLI,

Plaintiff,

vs.

PAUL MASSE CHEVROLET-GEO, INC.

Defendant.

CA 06 269 T

Jury Trial Requested

## Complaint

### Introduction

1. The Plaintiff alleges the Defendant failed to disclose the negative equity she had in a vehicle she traded in to the Defendant when she bought, and financed, another vehicle from the Defendant. She assert the failure violated the federal Truth In Lending Act and she seeks actual damages, statutory damages under 15 USC 1640(a)(2)(A)(i), and attorney fees under 15 USC 1640 (a)(3).

### Parties/Jurisdiction/Venue

2. The Plaintiff Ann Garzilli is a resident of Warwick, Rhode Island.

3. The Defendant Paul Masse Chevrolet-Geo, Inc. (Paul Masse) is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in East Providence, Rhode Island.

4. Paul Masse is a "creditor" within the meaning of the federal Truth In Lending Act (TILA), including 15 USC 1602(f) and 12 CFR §226.2(a)(17) (also known as Regulation Z).

5. This court has jurisdiction over this action pursuant to 15 USC 1640(e) and 28 USC 1331 and 1337 (a).

6. Venue is proper in this court because the conduct complained of took place in Rhode Island.

**Factual Allegations Common To All Counts**

7. On or about December 31, 2005, the Plaintiff negotiated to trade in her 2001 Chevrolet Impala (Impala) and purchase a 2001 Chevrolet Cavalier (Cavalier) from the Defendant Paul Masse.

8. As part of the negotiations, Paul Masse presented the Plaintiff with a Retail Installment Sales Agreement (RISC) which included financing terms and which contained certain disclosures required by the federal Truth In Lending Act.

9. A copy of the RISC, including the disclosures, Paul Masse presented to the Plaintiff is attached as Exhibit A.

10. On the RISC, Paul Masse made certain disclosures and representations regarding the equity the Plaintiff had in the Impala she would be trading in as part of the contemplated transaction.

11. The Truth In Lending Act required Paul Masse to disclose the value of the Plaintiff's Impala which she would be trading in as part of the contemplated transaction.

12. On the RISC, Paul Masse disclosed to, and represented to, the Plaintiff that she had $1,963.00 in equity in the Impala which she would be trading in as part of the contemplated transaction.

13. On the RISC, Paul Masse applied the alleged $1,963.00 of equity towards the purchase price of the Cavalier listing that amount as a "Down Payment" towards the Cavalier.

14. Based in part on the representations made in the RISC, the Plaintiff traded in her Impala and signed the RISC agreeing to purchase the Cavalier for $12,988.00.

15. At the time it presented the RISC to the Plaintiff, Paul Masse knew she did not have any equity in the Impala.

16. At the time it presented the RISC to the Plaintiff, Paul Masse knew she actually owed more on the Impala than it was worth.

17. On the RISC, Paul Masse falsely represented to the Plaintiff that she had equity in the Impala and was therefore making a $1,963.00 down payment on the Cavalier.

18. On the RISC, Paul Masse falsely represented to third-party investors, including Greenwood Credit Union, that the Plaintiff had equity in the Impala and was therefore making a $1,963.00 down payment on the Cavalier.

19. On the RISC, Paul Masse falsely represented to government auditors who might audit financial institutions, including Greenwood Credit Union, that it (the financial institution) was the holder of a loan for a car on which the borrower had put a $1,963.00 down payment thereby misleading the auditors regarding the true value of the loan and, by extension, the soundness of the institution's loan portfolio.

**Count 1 – Truth In Lending Act Violation**

20. The Plaintiff reasserts the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

21. The disclosures Paul Masse made in conjunction with the consumer credit transaction described in this Complaint violated the requirements of the Truth In Lending Act in the following respects:

a) By failing to disclose the negative equity in the Impala as required by 15 USC 1605, and as required by Regulation Z, including 12 CFR 226.2, and as required by the Final Rule the Board of Governors of the Federal Reserve System issued regarding the disclosure of negative equity which is found at 63 Fed. Reg. 16669.

b) By disclosing a sales price for the Cavalier that was higher than that which a cash buyer would have paid, thereby failing to disclose the true cost of the credit being extended to the Plaintiff as required by 15 USC 1605, and as required by Regulation Z, including 12 CFR 226.2.

22. The Plaintiff suffered damages a result of Paul Masse's wrongful disclosures including actual damages, statutory damages and attorney fees.

**Wherefore,** the Plaintiff Ann Garzilli requests relief against the Defendant Paul Masse, as follows:

A. A judgment against Paul Masse in an amount equal to the actual damages she sustained.

B. A judgment against Paul Masse for statutory damages computed in accordance with 15 USC 1640(a)(2)(A)(i).

C. A judgment against Paul Masse for attorney fees pursuant to 15 USC 1640(a)(3).

D. A judgment against Paul Masse for costs.

E. Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

F. Trial by jury on all issues so triable.

G. Any and all other relief that may be just and appropriate and to which the plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Jury Demand

The Plaintiff requests a trial by jury on all counts.

Ann Garzilli
By her Attorney,

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

# Exhibit A

Retail Installment Sales Contract
Dated 12/31/05